COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES RAYLAND BURNETT, | § | |
| | | No. 08-11-00043-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 355th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Hood County, Texas |
| Appellee. | § | |
| | | (TC# CR11381) |
| | § | |

## MEMORANDUM OPINION

This case is before the Court on its own motion to consider whether it should be dismissed for lack of jurisdiction. Because Appellant did not file a timely notice of appeal, the appeal will be dismissed.

On November 4, 2010, Appellant was convicted and sentenced by a jury for indecency with a child. No motion for new trial was filed. On December 14, 2010, the district court received from Appellant a *pro se* application for appointment of counsel. On December 16, 2010, the court granted the application and appointed an appellate attorney. On December 27, 2010, appellate counsel filed in the trial court a motion for leave to file a late notice of appeal. The trial court granted this motion, and counsel filed the notice of appeal in the trial court on the same day. Counsel did not file a motion for extension of time in this Court.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because no motion for new trial was filed, Appellant was required to file his notice of appeal within thirty days after the day sentence was imposed in open court. *See* TEX. R. APP. P. 26.2(a). To obtain an extension of time to file the notice of appeal,

Appellant was required to file the notice of appeal in the trial court and a motion for extension of time in this Court within fifteen days of the due date. *See* TEX. R. APP. P. 26.3. "[A] late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time." *Olivo*, 918 S.W.2d at 522.

By letter dated January 24, 2011, the Clerk of this Court advised the parties of the Court's intent to dismiss the appeal for lack of jurisdiction because the notice of appeal did not appear to be timely. The letter stated that unless any party could show grounds for continuing the appeal within ten days, the appeal could be dismissed without further notice.

In response to the Clerk's letter, Appellant's counsel filed a brief, explaining why the notice of appeal was late. He did not serve as trial counsel and was not appointed until December 16, 2010. He had left town that afternoon, having previously filed a vacation letter for December 17, 2010 to January 3, 2010. Counsel requests that the appeal not be dismissed because these circumstances made it impossible for him to file a timely motion for extension of time.

Despite the circumstances, compliance with the procedure outlined above is mandatory and jurisdictional. *See Olivo*, 918 S.W.2d at 522. Except as outlined above, neither this Court nor the trial court has the authority to allow a late appeal. At this point, Appellant's only remedy is a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

The appeal is dismissed for lack of jurisdiction.


GUADALUPE RIVERA, Justice

February 28, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)